IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DALE WARE, | § | |
|      Petitioner | § | |
| | § | |
| V. | § | CIVIL ACTION NO. C-06-258 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
|      Respondent | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, an inmate at TDCJ-CID's McConnell Unit in Beeville, Texas, filed this petition *pro se* pursuant to 28 U.S.C. § 2254, challenging disciplinary proceedings brought against him (D.E. 1). An order for service of process was entered June 27, 2006 (D.E. 8). On August 14, 2006, respondent filed his motion to dismiss (D.E. 9). Pending is petitioner's motion for entry of default (D.E. 11).

## JURISDICTION

Petitioner was incarcerated at the McConnell Unit in Beeville, Texas, when he filed this petition. According to his petitions, he was convicted in Wichita and Harris Counties. This court has jurisdiction to address the petition pursuant to 28 U.S.C. § 2241(d). Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## APPLICABLE LAW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). Although no Fifth Circuit precedent was located, several circuits have held that the entry of default in habeas corpus proceedings is inappropriate. Allen v. Perini, 424 F.2d 134 (6th Cir. 1970); Stines v. Martin, 849

F.2d 1323 (10th Cir. 1988); <u>Aziz v. Leferve</u>, 830 F.2d 184, 187 (11th Cir. 1987); <u>United States ex rel</u>

<u>Mattox v. Scott</u>, 507 F.2d 919 (7th Cir. 1974); <u>Bermudez v. Reid</u>, 733 F.2d 18 (2d Cir. 1984).

Generally, these circuit courts have required the district courts to review the merits, and to grant

relief only if the court finds evidence to establish a claim of unlawful detention.  <u>Stines</u>, 849 F.2d

at 1324.  An exception to the general rule would be where the delay itself rises to the level of a due

process violation. <u>Id</u>. at 1324 (citing <u>Ruiz v. Cady</u>, 660 F.2d 337, 341 n. 5 (7th Cir. 1981)).  Minor

delays do not give rise to a due process violation.  <u>Stines</u>, 849 F.2d at 1324.

In any event, it does not appear that entry of default is appropriate here because respondent's

appearance and responsive pleading, filed August 14, 2006, were not tardy.  6.  Service of process

was ordered June 27, 2006.  When service is by first class mail, three days are added for service.

FED. R. CIV. P. 6(e).  Forty-five days from June 30th is August 14th.  The pleading was timely filed.

## RECOMMENDATION

It is respectfully recommended that petitioner's motions for entry of default (D.E. 11) be

denied.

Respectfully submitted this 22nd day of August, 2006.

_____
  B. JANICE ELLINGTON
  UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).