UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ROBERT DALE WARE,** § | |
| Petitioner § | |
| § | |
| v. § | C.A. No. C-06-258 |
| § | |
| **NATHANIEL QUARTERMAN,** § | |
| **DIRECTOR TDCJ-ID,** § | |
| Respondent § | |

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

On September 28, 2006, the United States Magistrate Judge filed her Memorandum and Recommendation in this case (D.E. 17). Petitioner filed objections (D.E. 18). Having reviewed the Magistrate Judge's Memorandum and Recommendation, the pleadings on file and Petitioner's objections, the Court adopts the findings and conclusions of the Magistrate Judge.

To obtain a federal writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). Although due process protections apply to prison disciplinary actions that affect the fact or duration of confinement, these protections do not apply to changes to the conditions of confinement. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Petitioner was convicted of rape under Texas Penal Code §21.02 in 1978 ("prior offense"). In 2002, he pleaded guilty to failure to comply with sex-offender registration requirements under former Texas Code of Criminal Procedure Article 62.10. Petitioner is currently serving time for this offense ("current offense"). Petitioner challenges the punishment assessed him at six different disciplinary hearings where he received line class reductions and lost sixty (60) days of good time credit. Petitioner argues he is eligible for Texas's mandatory supervised release program and that the punishment imposed delayed his release.

A Texas prisoner has no protected liberty interest in custodial classifications. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). However, the Fifth Circuit has not decided whether there is a constitutional expectancy of early release under mandatory supervision when an inmate has acquired good time credits. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). Texas Government Code Section 508.149, which became effective in 1998, is the current statute governing eligibility for mandatory supervision. TEX. GOV'T CODE ANN. §598.149 (Vernon 1998). The statute provides that an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of certain offenses, including sexual assault under Section 22.011 of the Texas Penal Code. *Id.* at §598.149(a)(6).

Petitioner makes two objections to the Magistrate Judge's recommendation: (1) the Magistrate Judge applied the wrong statute in determining his eligibility for mandatory supervision; and (2) his rape conviction is not listed among the offenses that prohibit release

to mandatory supervision.

Petitioner argues that his eligibility should be determined by the statute in effect in 1978, when he committed his prior offense. Petitioner cites to *Ex parte Hall*, 995 S.W.2d 151 (Tex. Crim. App. 1999); however, this case does not support his argument. In fact, the court in *Ex parte Hall* held that an inmate's eligibility for mandatory supervision is determined by whether his prior conviction is on the list as it existed at the time he committed his current offense. *Id.* at 152*; see also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

Petitioner committed his "current offense" in 2002 when the current statute was in effect. Therefore, Petitioner's eligibility for mandatory supervision is governed by the current statute. Nevertheless, Petitioner argues he is still eligible for release under the current statute for two reasons: (1) he has never been convicted of "sexual assault" as defined by Texas Penal Code §22.011, and (2) his rape conviction under Penal Code §21.02 is not a listed offense under the current statute.

The Court recognizes that the current statute does not list rape as an offense that precludes mandatory supervision release. However, as mentioned above, the statute does preclude such release if an inmate has been previously convicted of sexual assault. TEX. GOV'T CODE ANN. §598.149(a)(6) (Vernon 1998). In 1983, the Texas Legislature repealed former Penal Code Sections 21.02 to 21.05, which related to rape, aggravated rape, sexual abuse and aggravated sexual abuse. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311-5321. The Legislature also enacted new Penal Code Sections 22.011

(sexual assault) and 22.021 (aggravated sexual assault), which include the conduct set forth in the repealed provisions. *Griffith v. State*, 116 S.W.3d 782, 787 (Tex. Crim. App. 2003).

The Texas Court of Criminal Appeals has since held that the former offenses of rape and aggravated rape are the statutory precursors to sexual assault and aggravated sexual assault. *Griffith*, 116 S.W.3d at 787. Therefore, an individual guilty of rape under former Section 21.02 is also guilty of sexual assault under Section 22.011. *Id.* Inmates who have been convicted of a predecessor to one of the enumerated offenses under the current statute are ineligible for mandatory supervision release. *Ex Parte Ervin*, 187 S.W.3d 386, 388 (Tex. Crim. App. 2005).

Petitioner's rape conviction under Penal Code §21.02 was a precursor to the enumerated offense of sexual assault under the current statute. Therefore, as a matter of applicable Texas law, the Court finds Petitioner is precluded from mandatory supervision release. Petitioner has identified no legal authority holding that Texas prisoners convicted of sexual assault have a federally-protected constitutional right to release on mandatory supervision. No Court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute. *Madison*, 104 F.3d at 768-769.

Because Petitioner is not statutorily eligible for release on mandatory supervision, his complaint regarding lost good time credit does not present a cognizable basis for federal habeas corpus relief. Therefore, Respondent's motion to dismiss is GRANTED, and

Petitioner's request for habeas corpus relief is DENIED. Further, should Petitioner seek a Certificate of Appealability, it is DENIED.

    ORDERED December 19, 2006.

                                               */s/ Hayden Head*
                                               HAYDEN HEAD
                                               CHIEF JUDGE